### TOUCHSTONE *v.* FORD *et al.*

Where a mortgage on realty is executed in favor of a named person but by mistake it contains a description of a tract of land different from that intended to be mortgaged, a mortgage prior in date upon the land intended to be covered by the mortgage first referred to will, where recorded prior to the date of the commencement of a suit to reform the junior mortgage so as to make it cover the land intended to be mortgaged, have priority over the junior mortgage.

MAY 16, 1917.

Equitable petition. Before Judge Cox. Worth superior court. April 24, 1916.

I. C. Touchstone was the transferee, from W. H. Bennett, of a note and a mortgage upon realty given to secure the same, dated September 3, 1912. By a mutual mistake of Bennett, the mortgagee, and Walter Ford, the mortgagor, a piece of property different from that intended to be mortgaged was described in the instrument. Prior to the execution of the Bennett mortgage, Wal-

ter Ford, for a valuable consideration, had executed to G. G. Ford a mortgage on the same land which he afterwards intended to include in the Bennett mortgage. This latter mortgage was executed on August 26, 1911, and recorded on November 25, 1912. In the meantime, to wit, September 3, 1912, the junior mortgage to Bennett, which was transferred to Touchstone, had been recorded. Subsequently to the record of the mortgage to G. G. Ford, Touchstone brought his petition against Walter Ford, to reform the mortgage given to Bennett and transferred to Touchstone, so as to make the same conform to the description of the property owned by Walter Ford and actually mortgaged to Bennett, and for the purpose of foreclosing such mortgage as reformed. Before the hearing of this petition, G. G. Ford, the holder of the senior mortgage in point of execution but junior in point of record, foreclosed his mortgage and had the execution levied upon this land, and the same was advertised for sale. Touchstone then brought a petition to enjoin G. G. Ford and L. A. Potts, sheriff, from proceeding with the sale until Touchstone could prosecute his petition for reformation and foreclosure, or, if the sale was not enjoined, to have the fund arising from the sale decreed to be paid to Touchstone in satisfaction of his mortgage. A verdict and judgment reforming and foreclosing Touchstone's mortgage were obtained on January 25, 1915, and execution issued thereon. The sale not having been enjoined, Touchstone had his fi. fa. placed in the hands of the sheriff on the day the sale was made under G. G. Ford's fi. fa., together with a written notice to the sheriff to the effect that Touchstone claimed that his mortgage fi. fa. was of higher dignity than the mortgage fi. fa. of G. G. Ford, and calling upon the sheriff to hold up the fund arising from the sale, so that the same might be distributed under an appropriate order of the court; and the plaintiff accordingly amended his petition against G. G. Ford and A. L. Potts, sheriff, setting up the fact of the sale of the property under G. G. Ford's mortgage fi. fa., and praying that the same be turned over to plaintiff in satisfaction of his mortgage fi. fa. Upon the trial the court directed the jury to return a verdict in favor of the defendant, G. G. Ford, holding that his mortgage fi. fa. was entitled to priority over that of Touchstone; and judgment was entered accordingly. To this direction and judgment the plaintiff excepted.

*R. D. Smith* and *J. H. Tipton,* for plaintiff.

*Pope & Bennet* and *Perry & Williamson,* for defendants.

BECK, J. (After stating the foregoing facts.) Under the facts appearing in the record, the judgment giving priority to the mortgage of G. G. Ford was demanded, and the award in his favor was proper. While it was competent to reform the mortgage in favor of Bennett, transferred to Touchstone, and while that reformation dated back to the date of the instrument reformed, the failure to record the junior mortgage as reformed at a time prior to the record of the older mortgage gave the latter priority. The record of the Bennett-Touchstone mortgage in its defective condition did not have the effect of making it a lien on the property which the parties intended that the mortgage should cover. "If the description of the property in a mortgage wholly fails to identify that intended to be encumbered, or by mistake is so expressed as to be applicable only to a different tract or lot, so that it could not be enforced without invoking the aid of a court of equity to reform it, the record of it is not notice to subsequent purchasers or lienors." 27 Cyc. 1209. In the case of *Phillips* v. *Roquemore,* 96· *Ga.* 719 (23 S. E. 855), the reformed mortgage was brought in competition with a judgment lien, and not with a contract lien. But in this case the holder of the reformed mortgage is combating a contract lien which was recorded at a date anterior to the filing of the suit for the reformation of the mortgage containing a misdescription of the property, or, rather, containing a description which was not applicable to the property intended to be encumbered.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*